LENNON, MURPHY & LENNON, LLC
Charles E. Murphy (CM 2125)
Kevin J. Lennon (KL 5072)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 101070
(212) 490-6050 – phone
(212) 490-6070 – fax
Email: cem@lenmur.com
kjl@lenmur.com

Attorneys for Plaintiff
PARKROAD CORPORATION



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PARKROAD CORPORATION,                           :      07 CV _____

                    Plaintiff,                  :      ECF CASE

        - against -                             :

SHANDONG DELU COMMERCE CO., LTD.,               :

                    Defendant.                  :
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, PARKROAD CORPORATION (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, SHANDONG DELU COMMERCE CO., LTD. (hereafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the motor vessel "NOVA MIRACLE" (hereinafter the "Vessel).

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4. By a charter party dated March 30, 2007 Plaintiff voyage chartered the Vessel to the Defendant.

5. A dispute arose between the parties regarding Defendant's failure to pay demurrage due and owing to Plaintiff under the charter party.

6. As a result of Defendant's breach of the charter party, Plaintiff has sustained damages in the total principal amount of $144,065.36, exclusive of interest, attorneys fees, and arbitration costs.

7. Pursuant to the charter party clause 18, disputes between the parties are to be submitted to arbitration in London with English law to apply.

8. Despite due demand, Defendant has failed to pay the amounts due and owing to the Plaintiff.

9. Therefore, Plaintiff is preparing to initiate arbitration proceedings in London on its claims.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final award(s):

|    |                                                                  |              |
|----|------------------------------------------------------------------|--------------|
| A. | Principal claim:                                                 | $193,988.89; |
| B. | Estimated interest on claim:<br>3 years at 8.5% compounded quarterly | $55,678.43   |
| C. | Estimated attorneys' fees and costs:                             | $75,000.00   |
| D. | Estimated arbitration costs:                                     | $50,000.00   |
| **Total:** |                                                          | **$374,667.32.** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendants cannot be found within this District pursuant to

3

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$374,667.32** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
      June 12, 2007

                        The Plaintiff,
                        PARKROAD CORPORATION

                        By: _____
                            Charles E. Murphy (CM 2125)
                            Kevin J. Lennon (KL 5072)

                        LENNON, MURPHY & LENNON, LLC
                        The Gray Bar Building
                        420 Lexington Ave., Suite 300
                        New York, NY 10170
                        (212) 490-6050
                        facsimile (212) 490-6070
                        cem@lenmur.com
                        kjl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          June 12, 2007

                                            */s/ Charles E. Murphy*
                                            Charles E. Murphy